*810 OPINION.
Love:
The ultimate question in these proceedings is to determine the amount of taxable income that should have been included in petitioners’ income-tax returns for the calendar year 1925 as a result of their transactions in connection with the consolidation of the two old companies into the new company.
The respondent has admitted that in his determinations he used incorrect costs and in some cases incorrect proceeds, which errors have all been corrected in the stipulation of facts filed by the parties. *811 It should be noted at the outset, however, that the stipulation is not specific as to whether petitioners acquired their stock in the old companies before or after the adoption of the Sixteenth Amend-mend to the Constitution. It merely recites that the stock in the old companies was acquired “ prior to the year 1922.” But this apparent omission is not fatal in the instant proceedings for the reason that if the old stock had been acquired prior to March 1, 1913, the value on that date would be used as a basis for determining gain or loss only if it were greater than cost. Section 204 (b). Revenue Act of 1926. And if that were a fact, since petitioners are not claiming any loss, the only result would be a smaller gain than that now contended for by petitioners. Both parties have used cost as a basis, and, we will, therefore, assume that to be the proper basis, for if a more favorable basis were available to petitioners, it must be assumed they would have so pleaded.
Upon the basis of the foregoing assumptions the applicable sections of the Revenue Act of 1926 (with italics supplied) are as follows:
Sec. 202. (a) Except as hereinafter provided in this section the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204 * * *
Sec. 202. (c) The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.
Sec. 202. (d) In case of a sale or exchange, the extent to which, the gain or loss determined under this section shall be recognized for the purposes of this title, shall be determined under the provisions of section 203.
Sec. 203. (a) Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 202, shall be recognized, except as hereinafter provided in this section.
Sec. 203. (b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or secwities in such corporation or in another corporation a party to the reorganization.
Sec. 203. (d)(1) If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (S) if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to-the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.
Sec. 203. (h) As used in this section and sections 201 and 204—
(1) The term “reorganization” means (a) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation) * * *
(2) The term “ a party to a reorganization ” includes a corporation resulting from a reorganization and includes both corporations in the case of an *812 acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation.
Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—
Seo. 204. (a) (6) If the property was acquired upon an exchange described in subdivision (6), (d), (e) or (f) of section 80S, the basis shall be the same as in the case of the property exchanged * * *.
The. respondent contends that in substance there was but one transaction, namely, the exchange of old stock for new no par value stock and cash, and that under section 203 (d) (1) gain should be recognized in 1925 to the extent of the cash received in 1925 and 1926. On the other hand, petitioners contend that both in form and in substance there were two transactions — (1) an exchange of old stock for new no par value stock, preferred stock and bonds, and then (2) a sale of all the preferred stock and bonds and part of the no par value stock for cash, part of which was received in 1925 and part in 1926; that under section 203 (b) (2) neither gain nor loss should be recognized on the first transaction; and that the second transaction is controlled by section 204 (a) (6).
In order to more concretely illustrate the contentions of the parties we will set forth the computations of gain contended for by each party as they apply to petitioner W. A. Hoult. The computations as to the other petitioners would in principle be the same. The necessary facts, taken from our findings, to make such computations are the following:
Oost of old stock to Hoult_$15, 000. 00
Oasb received by Hoult in 1925- 10,346. 00
Cash received by Hoult in 1926_ 6, 535. 08
Number of shares of new no par value stock Hoult had remaining after the contracts and resolutions were carried out_ 282
Fair market value of the 282 shares at time of receipt in 1925_$9, 870. 00
According to the respondent’s contentions petitioner W. A. Hoult’s taxable gain in 1925 would be $11,751.08, computed as follows:
Only one transaction:
Amount realized [sec. 202 (c)]:
Cash received in 1925___$10, 346. 00
Cash received in 1926-!- 6, 535. 08
Total cash received- 16, 881.08
Fair market value 282 shares new no par value stock- 9, 870. 00
Total amount realized_'_:_ 26, 751. 08
Deduct: Basis [sec. 204 (a)]:
Cost of old stock-- 15, 000.00
Gain [sec. 202 (a)] : 11, 751.08
*813 Respondent says section 203 (d) (1) is applicable and that under this section the entire gain oí $11,751.08 should be recognized since it is less than the total cash received in both years of $16,881.08.
According to petitioner’s contention his taxable gain in 1925 would be $880.36 computed as follows:
First transaction:
No gain [sec. 203 (b) (2)]
Second transaction:
Amount realised [sec. 202(c)]:
Cash received in 1025_ $10,346. 00
Deduct: Basis [sec. 201 (a) (C)]:
Cost of old stock $15,000 allocated:
(See 21 B. T. A. 029)
$5,534.36 to new stock received that was not sold, and $9,465.64 to new securities received tlmt were sold_ 9, 465. 64
Gain [see. 202(a)]___ 880.36
Taxable gain 1925 [see. 203 (a)]_ S80.36
We agree with petitioners’ contention that both in form and in substance there were two transactions, first, an exchange of old stock for new no par value stock, preferred stock and bonds, and, second, a sale of all the preferred stock and bonds and a part of the no £)ar value stock for cash, part of which was received in 1925, and part in 1926. The entire record supports that conclusion. The agreement of October 27, 1925, specifically provided that the new company should acquire the stock of the old companies “ by exchanging therefor its own securities ”; and that each stockholder would deliver his old stock to the new company “ and receive' in full consideration therefor his or her due proportion of the securities of the new company of the agreed value of $2,375,000.” In the agreement of October 27, 1925, the stockholders of the old companies specifically authorized “the new corporation or its organizers ” to act on their behalf and “ sell all of the securities to be received by us respectively as herein provided, excepting and reserving 25,000 shares of non-par value stock of the new company, at a price of * * * and to remit to the undersigned the proceeds of the sale of the securities issuable to each of us * * The agreement of October 26, 1925, with the Bankers was to the same effect. It provided that “ the stockholders (of the old companies) will sell or cause to be sold and the Bankers agree to purchase, etc.” The resolution of the board of directors of the new company adopted November 9,1925, provided that the president and secretary of that company “ be and they are hereby authorized and instructed to act on behalf of the former stockholders of the old companies as requested by them in selling ” a part of the new securities issuable to them. The respondent, in his brief, argues *814 that, since petitioners did not physically receive the securities that were sold to the Bankers, we should find that “ at no time was there any intention that the stockholders of the old companies have in their possession or control any of the securities of the new company other than the 25,000 shares of no-par value stock.” This would be contrary to the agreements and resolutions set out in our findings and already referred to in this opinion. It was not necessary for petitioners to physically receive the securities that were sold. The appointment of an agent to receive the securities and sell them for petitioners’ account was sufficient. Both in form and in substance this is what was actually done.
The last assignment of error concerns the cash received in 1926. Petitioners contend that since they reported on the cash receipts and disbursements basis; that since cash was the consideration to be paid by the Bankers; and that since part of the cash was not received until 1926, under our decisions in Charles C. Ruprecht, 16 B. T. A. 919, and A. W. Henn, 20 B. T. A. 1133, only the cash received in 1925 should be considered in the “ amount realized ” in determining the taxable gain for the year 1925 under section 202 (a) and 203 (a) of the Revenue Act of 1926, sufra. In the Buprecht case we said:
We do not consider, however, that the respondent’s views with respect to the deferred payments are correct, for the reason that the obligation of the Standard Oil Oo. to pay was not so evidenced that it could have been converted into cash, the only record thereof being in the deed of conveyance signed by the grantors. There was no contract in writing and no vendors’ lien nor notes of any description which could have been discounted at the bank. In short, the obligation of the Standard Oil Oo. amounted to nothing more than a mere noninterest-bearing account receivable.
The facts in the Eenn case, supra, are also analagous to the facts in the instant proceedings. In that case petitioner reported on the cash basis. He and another jointly sold certain leaseholds to a corporation in 1923 and received part of the consideration in 1923 and the balance in 1924. The balance of the consideration was not represented by promissory notes or other evidences of indebtedness. We determined the profit on the sale of the leaseholds as follows:
[[Image here]]
And in our opinion we said:
Based upon the evidence and the admissions of counsel for the respondent at the hearing, there are findings of fact that the net incomes reported by the *815 petitioner in bis returns for 1923 and 1924 were computed upon the cash receipts and disbursements basis, and that the respondent’s determination of deficiencies for those years is based upon net incomes computed upon the same basis. Under these findings, it is clear that the respondent erred in holding that the entire profit from the sale of the Hatch and Dagleisch leaseholds was realized in 1923, because a substantial part of the consideration involved in that transaction was not received until 1924.
In the instant proceedings a portion of the new securities was sold for cash as the consideration to be received. A substantial part of this consideration was not received until the following year. Petitioners reported on the cash receipts and disbursements basis. Only the cash received in 1925 should be considered as “ realized ” in determining the gain taxable to petitioner for the year 1925. Charles C. Ruprecht, supra; A. W. Henn, supra.
The deficiencies should be redetermined in accordance with the foregoing findings and opinion.

Judgment will be entered under Rule 50.